IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN K. WALTON,<br><br>        Plaintiff,<br><br>   vs.<br><br>MICHAEL MYERS, Director; WEST, Captain; BENES, Sgt; and MCNEIL, Co II;<br><br>        Defendants. | 8:20CV249<br><br><br>MEMORANDUM<br>AND ORDER |

      Plaintiff John Walton was a pretrial detainee confined at the Douglas County Correctional Center ("DCCC") in Omaha, Nebraska, when he filed his pro se Complaint (Filing 1) on June 24, 2020. Although Walton has since been released from jail, his Complaint remains subject to initial review under 28 U.S.C. § 1915A for a determination of whether summary dismissal is appropriate. *See Mister v. Obadina*, No. 19-CV-00148, 2019 WL 1978343, at *1 n.2 (S.D. Ill. May 3, 2019) ("A Section 1915A review is triggered when the plaintiff is a prisoner at the time of filing the complaint, whether or not the plaintiff is subsequently released from prison.") (citing *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 669 n.1 (7th Cir. 2012)). Walton has also been granted leave to proceed in forma pauperis ("IFP"), first as a prisoner on July 17, 2020 (Filing 9), and then as a non-prisoner on December 22, 2020 (Filing 21), so his Complaint is subject to initial review under 28 U.S.C. § 1915(e)(2) as well.

### I. LEGAL STANDARDS ON INITIAL REVIEW

      The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff alleges that while he was a pretrial detainee, Defendant McNeil took Plaintiff's journal without his permission or knowledge and sent it to Defendant Benes, who refused to return it because it "has been turned in to OPR as evidence you may not have it back, please request a new journal or use regular line paper." (Filing 1 at CM/ECF pp. 3, 5.) Plaintiff requests $2,000 in damages.

## III. DISCUSSION

### A. Claims Against Defendants in Official Capacities

Plaintiff sues the Defendants in their official capacities. A suit against the Defendants in their official capacities is actually a suit against Douglas County itself. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998) ("Liability for city officials in their official capacities is another form of action against the city . . . .").

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other local government unit) can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. To prevail on a claim alleged against a county, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation."

*Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Here, Plaintiff's allegations against Defendants in their official capacities—which are in reality a claim against Douglas County—fail to state a claim upon which relief can be granted because he does not allege that a policy or custom of a government entity caused the violation of his constitutional rights. "Although [a plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the

3

pleading stage, he must nonetheless present some allegations, references, events, or facts from . . . which the court could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016).

On its own motion, the court will grant Plaintiff leave to file an amended complaint. If Plaintiff chooses to bring individual-capacity claims against Defendants in that amended complaint, he should keep in mind that he "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. That is to say, Plaintiff must explain how each Defendant *personally* participated in the alleged constitutional violation. Further, if Plaintiff chooses to bring such individual-capacity claims against Defendants, he should be mindful of the elements of such claims, which are discussed below.

## B.  Defendants Myers and West

Plaintiff does not allege any facts regarding Defendant Myers's and West's involvement in the alleged constitutional violation, but rather appears to seek to impose liability on these Defendants based on their positions as the "bosses." (Filing 1 at CM/ECF p. 5.) "It is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). To state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). "Supervisors can, however, 'incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of violative practices.'" *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)). Here, Plaintiff has alleged no

facts with respect to Myers's or West's involvement in any of the alleged constitutional violations, nor has Plaintiff alleged that Myers or West failed to take corrective action or tacitly authorized any violative practices. Accordingly, Plaintiff has failed to state a claim for relief against Myers and West.

### C. Seizure of Property

Plaintiff claims that Defendant McNeil stole his journal without his permission, presumably by conducting a search of his cell. Pretrial detainees retain the Fourth Amendment right to be free from unreasonable searches and seizures. *Arnzen v. Palmer,* 713 F.3d 369, 372 (8th Cir. 2013). To determine "reasonableness" in an institutional setting, a court must balance "the need for the particular search against the invasion of personal rights that the search entails." *Bell v. Wolfish,* 441 U.S. 520, 559 (1979). In applying the balancing test, a court must consider "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell,* 441 U.S. at 559. Searches can be conducted on less than probable cause when the significant and legitimate security interests of the correctional institution are balanced against the privacy interests of the detainee. *Id*. at 560. Further, a court must defer to the judgment of institutional officials "unless the record contains substantial evidence showing their policies are an unnecessary or unjustified response to problems of institutional security." *Arnzen,* 713 F.3d at 373 (internal quotation marks and citation omitted).

If Plaintiff chooses to file an amended complaint to sue Defendants in their individual capacities, Plaintiff should clarify the details of the search and seizure[1] that allegedly violated his Fourth Amendment rights, the individuals who personally performed such search and seizure, and factual allegations regarding the scope, manner, and location of the search and seizure. Plaintiff should note, however, that other district courts in this circuit have held that while detainees retain some Fourth Amendment

---

[1] A seizure of property occurs when there is a meaningful interference with a person's possessory interest in the property. *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 536 (8th Cir.1999).

rights upon commitment to a corrections facility, searches of a committed civil detainee's personal items in their cell did not violate the Fourth Amendment. *Pyron v. Ludeman*, No. CIV. 10-3759, 2011 WL 3293523, at *6 (D. Minn. June 6, 2011) (citing cases), *report and recommendation adopted,* No. 10-CV-3759, 2011 WL 3290365 (D. Minn. July 29, 2011), *aff'd sub nom. Hollie v. Ludeman*, 450 F. App'x 555 (8th Cir. 2012).

### IV. CONCLUSION

Plaintiff's claims, as currently pled, fail to state a claim upon which relief can be granted, but could be amended to state a claim so long as plausible, truthful facts exist to do so. Therefore, on the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states such claims against specific, named defendants. The amended complaint must specify the capacity in which the defendants are sued and must set forth all of Plaintiff's claims (and any supporting factual allegations) against each defendant. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint (Filing 1) and any new allegations. Plaintiff should be mindful to explain what each defendant did to him, when each defendant did it, how each defendant's actions harmed him, and which claims are asserted against which defendants. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) after he addresses the matters set forth in this Memorandum and Order. Accordingly,

IT IS ORDERED:

1. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth a claim upon which relief can be granted. If Plaintiff fails to file an amended complaint, or the court finds that the amended

complaint is insufficient, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted. In his amended complaint, Plaintiff must identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of his original Complaint (Filing 1) and any new allegations. Failure to consolidate all claims *into one document* may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) in the event he files an amended complaint.

4. The Clerk of the Court is directed to set the following pro se case management deadline: April 15, 2021—amended complaint due.

DATED this 16th day of March, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge